UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-03835 CAS(ASx) | Date | September 11, 2017 |
| Title | CARPENTERS SOUTHWEST ADMINISTRATIVE CORP. ET AL. v. COMSTOCK CONCRETE, LLC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Jodi Siegne | Not Present |

**Proceedings:**    PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (Dkt. 11, filed August 7, 2017)

## I. INTRODUCTION

On May 22, 2017, plaintiffs Carpenters Southwest Administrative Corporation ("CSAC"), a California non-profit organization, and the Board of Trustees for the Carpenters Southwest Trusts ("Board") filed this action against defendant Comstock Concrete, LLC, a Nevada limited liability company. Dkt. 1 ("Compl."). Plaintiffs allege claims for violations of section 301 of the Labor-Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 185(a), and sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. §§ 1132, 1145. Id. Plaintiffs allege that defendant failed to provide business records for purposes of conducting an audit in violation of the terms of a Master Labor Agreement. Plaintiffs seek an order compelling an audit and demand attorneys' fees and costs in pursuing the action. Id.

On June 13, 2017, plaintiffs served the summons and complaint on defendant. Dkt. 8. On July 19, 2017, plaintiffs submitted proof of service to the Court. Id. Defendant has failed to file an answer or otherwise respond. On July 21, 2017, the Clerk of Court entered default against defendant. Dkt. 10. On August 7, 2017, plaintiffs filed the instant motion for entry of default judgment along with supplemental exhibits ("Motion"). Dkt. 11 & 12.

Having carefully considered plaintiffs' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:17-cv-03835 CAS(ASx) | Date | September 11, 2017 |
|---|---|---|---|
| Title | CARPENTERS SOUTHWEST ADMINISTRATIVE CORP. ET AL. v. COMSTOCK CONCRETE, LLC ET AL. | | |

## II.    BACKGROUND

Plaintiffs allege the following facts.

CSAC is administrator of the Carpenters Trust Funds for Southern California (the "Plans").[1] The Board is the fiduciary and acting trustee of these Plans. Compl. ¶ 3. All Plans, save for the CCCC, are express trusts that exist pursuant to section 302 of the LMRA, and are multiemployer plans within the meaning of section 3 of ERISA. Compl. ¶¶ 6–7, 9. The CCCC is a California non-profit corporation that exists pursuant to section 5(b) of the Labor Management Cooperation Act of 1978 for the purposes set forth in section 302(c)(9) of the LMRA. Id. ¶ 8. The duly authorized and acting trustees or directors of each of the Plans have also assigned to CSAC the right, title, and interest in all amounts due to the respective Plans by defendant. Id. ¶ 10. Southwest Regional Council of Carpenters and its local unions ("Unions") affiliated with United Brotherhood of Carpenters and Joiners of America are labor organizations that are a party to the collective bargaining agreements involved. Id. ¶ 11.

Defendant, a Nevada limited liability company, is a contractor engaged in the construction industry in Nevada and is within the jurisdiction of the relevant unions. Compl. ¶ 12. Defendant made, executed, and delivered to the Union a Memorandum Agreement dated May 13, 2004. Id. ¶ 14 & Ex. 1. The Memorandum Agreement binds defendant to the terms and conditions of the Master Labor Agreement between the Nevada Chapter of Associated General Contractors of America and the Southwest Regional Council and Affiliated Local Unions of the United Brotherhood of Carpenters and Joiners, dated July 1, 2003, and binds defendant to any renewals or subsequent

---

[1] These entities include Southwest Carpenters Health and Welfare Trust, Southwest Carpenters Pension Trust, Southwest Carpenters Vacation Trust, Southwest Carpenters Training Fund, Construction Industry Advancement Fund, Carpenters-Contractors Cooperation Committee ("CCCC"), Grievance Obligation Trust Fund, and Carpenters International Training Fund. Compl. ¶ 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-03835 CAS(ASx) | Date | September 11, 2017 |
| Title | CARPENTERS SOUTHWEST ADMINISTRATIVE CORP. ET AL. v. COMSTOCK CONCRETE, LLC ET AL. | | |

Master Labor Agreements, and the Plans' agreements and any amendments, modifications, extensions, supplementations, or renewals of the Plans' agreements. Id. ¶ 15. These agreements are collectively referred to as "Agreements." The Plans are third-party beneficiaries of the Memorandum Agreement and Master Labor Agreements. Id. 15.

The Agreements require defendant to pay fringe benefit contributions at the rates set forth therein for every hour worked by employees performing services covered by the Agreements, and on account of all compensation paid to employees performing services covered by the Agreements. Id. ¶ 16. The Agreements require defendant to make fringe benefit contributions by way of Employers Monthly Reports to the Plans at their place of business in Los Angeles, California on or before the 25th day of each month following the month during which the hours that contributions are due were worked or paid. Id. ¶ 17. The Agreements provide that the venue of an action to recover delinquent fringe benefit contributions shall be in the County of Los Angeles. Id.

The Agreements further provide that the Plans have the specific authority to examine defendant's job cost records, general check registers and check stubs, bank statements and canceled checks, general ledgers, cash disbursements ledgers, worker compensation insurance reports, financial statements, corporate income tax returns, employee time cards, payroll journals, individual earnings records of all employees, W-2 forms, 1099 and 1096 remitted to the U.S. Government, quarterly state tax returns, health and welfare and pensions reports for all other trades, cash receipts' journal, copies of all contracts, and all material invoices. Id. 18.

The Plans request access to defendant's business records for the purpose of conducting an audit. Id. ¶ 19. Defendant has failed and/or refuses to allow the Plans to complete an audit. Id. ¶ 20. Plaintiffs have no adequate remedy or speedy remedy at law, and are seeking to compel compliance with the agreements and to recover attorneys' fees and costs for which defendant is liable under ERISA. Id. ¶¶ 21–22. At the time of the filing of this complaint, plaintiffs served a copy of the complaint upon the Secretary of Labor and Secretary of the Treasury. Id. ¶ 23.

### III. LEGAL STANDARDS

Pursuant to the Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-03835 CAS(ASx) | Date | September 11, 2017 |
| Title | CARPENTERS SOUTHWEST ADMINISTRATIVE CORP. ET AL. v. COMSTOCK CONCRETE, LLC ET AL. | | |

plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55.

As a general rule, cases should be decided on the merits as opposed to by default, and therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial 1 ¶ 6:11 (The Rutter Group 2015) (citing Pena v. Seguros La Comercial. S.A., 770 F.2d 811, 814 (9th Cir. 1985)). Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005); see also Sony Music Entm't, Inc. v. Elias, No. 03-cv-6387-DT, 2004 WL 141959, *3 (C.D. Cal. Jan. 20, 2004).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986); see also Elektra, 226 F.R.D. at 392. "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987) (quotation marks omitted).

## IV. DISCUSSION

Plaintiffs argue that both the Master Labor Agreement and ERISA require signatory contractors to keep and maintain payroll and related records as necessary for the Plans to review in order to determine that proper contributions are being made. Motion at 2.[2] Additionally, ERISA section 209 provides that employers must maintain

---

[2] Plaintiffs contend that the written trust documents clarify that trust assets are to be used to provide benefits to employees and their dependents, and to cover administrative expenses. Motion at 4 & Dkt. 12. These Plans are multiemployer plans within the meaning of 29 U.S.C. section 1002(37)(A) since more than one employer is required to contribute pursuant to more than one collective bargaining agreement. Id. at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-03835 CAS(ASx) | Date | September 11, 2017 |
| Title | CARPENTERS SOUTHWEST ADMINISTRATIVE CORP. ET AL. v. COMSTOCK CONCRETE, LLC ET AL. | | |

records with respect to employees sufficient to determine benefits due, and make these records available to the Plan Administrator. Id. at 3. The Supreme Court has affirmed the right of ERISA plans to review the payroll and related records of signatory employers when an audit is within the authority outlined in the trust documents. Central States Pension Fund v. Central Transport, 472 U.S. 559, 581–82 (1985). Paragraph 1 of the May 13, 2004 Agreement—which defendant signed—obligates defendant to the terms of conditions of the Master Labor Agreement and Trust Agreements, which include making employee benefit contributions. Motion at 4; dkt. 11-4 ("Master Labor Agreement") at 19. Plaintiffs argue that defendant is obligated to maintain and make available to plaintiffs' auditors, upon plaintiffs' written request, all records of all firms believed to be compensating carpentry employees covered by the Master Labor Agreement. Id. at 4–5. Plaintiffs contend that defendant has failed to produce the books and records needed to complete the audit for the period July 1, 2011 to the present. Id. at 3 & Dkt. 11–7, Declaration of Richard Watanabe ¶ 9 ("Watanabe Decl.").

### A. Whether the Eitel Factors Favor Entry of Default Judgment in Favor of Plaintiffs

#### 1. Possibility of Prejudice to Plaintiff

The first Eitel factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered. PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); see also Eitel, 782 F.2d at 1471–72. Courts have concluded that a plaintiff is prejudiced if the plaintiff would be "without other recourse for recovery" because the defendant failed to appear or defend against the suit. Pepsi, 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Products, Inc., 219 F.R.D. 494, 499 (C.D. Cal. 2003).

Plaintiffs contend that defendant has failed to produce the books and records needed to complete the audit for the period July 1, 2011 to the present, in violation of its obligation pursuant to the terms of the Master Labor Agreement. Motion at 3 &

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-03835 CAS(ASx) | Date | September 11, 2017 |
| Title | CARPENTERS SOUTHWEST ADMINISTRATIVE CORP. ET AL. v. COMSTOCK CONCRETE, LLC ET AL. | | |

Watanabe Decl ¶ 9. Because defendant has not appeared in this matter, plaintiffs will be without any other recourse for recovery unless default judgment is granted. See PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) (stating that plaintiffs would have no other recourse if a default judgment were not entered). Absent entry of default judgment, plaintiffs will not be able to enforce the terms of the Agreement and audit defendant's records. Further, plaintiffs will be unable to collect any potential damages if defendant is delinquent in its contributions. Accordingly, this factor weighs in favor of the entry of default judgment.

### 2. Merits and Sufficiency of Plaintiffs' Substantive Claims

Courts often consider the second and third Eitel factors together. See PepsiCo, 238 F. Supp. 2d at 1175; HTS, Inc. v. Boley, 954 F. Supp. 2d 927, 941 (D. Ariz. 2013). The second and third Eitel factors assess the substantive merit of the movant's claims and the sufficiency of its pleadings, which "require that a [movant] state a claim on which [it] may recover." PepsiCo, 238 F. Supp. 2d at 1177 (quotation marks omitted); see also Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that the issue is whether the allegations in the pleading state a claim upon which plaintiff can recover). Since plaintiffs allege that defendant breached its obligations under the May 13, 2004 Memorandum Agreement, and plaintiffs bring this motion for default judgment to compel defendant to submit to an audit in accordance with the terms of this Agreement, this is a breach of contract claim for the purpose of determining the merits and sufficiency of the complaint.

"[T]he elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." Oasis W. Realty, LLC v. Goldman, 250 P.3d 1115, 1121 (Cal. 2011). Here, plaintiffs sufficiently allege a contract—the Memorandum Agreement—and the Guerrero Declaration ("Guerrero Decl.") suffices to show defendant's signature on the contract. Compl. ¶¶ 14–15; Guerrero Decl., dkt. 11-2 ¶ 12 & Ex. 1. Next, in requesting an audit, plaintiffs, as third-party beneficiaries of the Memorandum Agreement and Master Labor Agreement, have performed their fiduciary obligation to conduct an audit pursuant to the Memorandum Agreement. Compl. ¶¶ 9, 15, 18. Plaintiffs further allege that defendant breached the contract by failing to produce the books and records needed to complete an audit for the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:17-cv-03835 CAS(ASx) | Date | September 11, 2017 |
|---|---|---|---|
| Title | CARPENTERS SOUTHWEST ADMINISTRATIVE CORP. ET AL. v. COMSTOCK CONCRETE, LLC ET AL. | | |

period July 1, 2011 to the present. Id. ¶¶ 5–6. Finally, plaintiffs sufficiently allege harm by contending that defendant has failed to produce the documents necessary for plaintiffs to conduct an audit, which precludes plaintiffs from knowing whether defendant is delinquent in its contributions. Id. ¶¶ 18–22. As such, there is a strong showing on the merits of plaintiffs' claims, the complaint is well-pleaded, and there is little possibility of dispute over material facts. See Eitel, 782 F.2d at 1471. As a result, the Court concludes that plaintiffs adequately plead its breach of contract claim, and the second and third factors weigh in favor of the entry of default judgment.

### 3. The Sum of Money at Stake in the Action

Pursuant to the fourth Eitel factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." PepsiCo, 238 F. Supp. 2d at 1176; see also Eitel, 782 F.2d at 1471–72. "This determination requires a comparison of the recovery sought and the nature of defendant's conduct to determine whether the remedy is appropriate." United States v. Broaster Kitchen, Inc., No. 2:14-cv-09421-MMM-PJW, 2015 WL 4545360, at *6 (C.D. Cal. May 27, 2015); see also Walters v. Statewide Concrete Barrier, Inc., No. 3:04-cv-02559-JSW, 2006 WL 2527776, *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted.").

Plaintiffs do not seek to recover damages, and instead seek an order compelling defendant to submit to an audit, along with reasonable attorneys' fees and costs of $720.00. Compl. at 5–6; Motion at 3. The Court concludes that this sum is appropriate in light of defendant's obligations to submit to an audit pursuant to the terms of the Master Labor Agreement. Accordingly, this factor weighs in favor of the entry of default judgment.

### 4. Possibility of Dispute

The fifth Eitel factor considers the possibility that material facts are disputed. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. As explained, plaintiffs adequately allege their claims for breach of contract against defendant. Plaintiffs' factual allegation that defendant has refused to submit to an audit for the period July 1, 2011 to the present is presumed true. Therefore, the Court concludes that no factual disputes exist that would preclude the entry of default judgment on plaintiffs'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:17-cv-03835 CAS(ASx) | Date | September 11, 2017 |
| Title | CARPENTERS SOUTHWEST ADMINISTRATIVE CORP. ET AL. v. COMSTOCK CONCRETE, LLC ET AL. | | |

claim for breach of contract. As a result, the fifth Eitel factor weighs in favor of the entry of default judgment on this claim.

### 5.  Possibility of Excusable Neglect

The sixth Eitel factor considers whether defendant's default may have been the product of excusable neglect. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. The possibility of excusable neglect here is remote. Defendant was served on June 13, 2017. Dkt. 8. Since service, defendant has neither responded nor attempted to have its default set aside. Where a defendant "[was] properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," this factor favors entry of default judgment. Shanghai Automation Instrument Co. Ltd. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001). Accordingly, this factor weighs in favor of entry of default judgment.

### 6.  Public Policy in Favor of Deciding the Merits

Under the seventh Eitel factor, the Court takes into account the strong policy favoring decisions on the merits. See Eitel, 782 F.2d at 1472 ("Cases should be decided upon their merits whenever reasonably possible."). However, a party's failure to answer or appear makes a decision on the merits impractical, if not impossible. PepsiCo, 238 F. Supp. 2d at 1177. Since defendant failed to respond to plaintiffs' complaint, this factor does not preclude entry of default judgment.

### 7.  Conclusion Regarding the Eitel Factors

All of the Eitel factors are neutral or weigh in favor of the entry of default judgment. Consequently, it is appropriate to grant plaintiffs' motion for default judgment against defendant.

### B.  The Character and Amount of Plaintiffs' Recovery

### 1.  Equitable Relief

Plaintiffs request an order compelling defendant to submit to completion of an audit of business records covering the period from July 1, 2011 to the present. Compl. at 5–6. Plaintiffs request that Plans' auditors conduct this audit at the premises of defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-03835 CAS(ASx) | Date | September 11, 2017 |
| Title | CARPENTERS SOUTHWEST ADMINISTRATIVE CORP. ET AL. v. COMSTOCK CONCRETE, LLC ET AL. | | |

during business hours, and that the auditors be allowed to review all applicable documents as agreed upon in the Memorandum Agreement. Id.

Plaintiffs note that both the Master Labor Agreement and ERISA require signatory contractors to keep and maintain payroll and related records as necessary for the Plans to review in order to determine that proper contributions are being made. Motion at 2. ERISA section 209 provides that employers must maintain records with respect to employees sufficient to determine benefits due, and make these records available to the plan administrator. Id. at 3 (citing 29 U.S.C.A. § 1059). ERISA section 502(a)(3) provides that: "[a] civil action may be brought … by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan." 29 U.S.C.A. § 1132. Further, the right of employee benefit plans to enforce a power to audit pursuant to a trust agreement is well established. Central States Pension Fund v. Central Transport, 472 U.S. 559, 581–82 (1985); see Cal. Drywall/Lathing Indus. Labor–Mgmt. Cooperation, Inc. v. MLR Drywall Servs. Inc., 2010 WL 519827, *6 (N.D.Cal. Jan.19, 2010); Santa Monica Culinary Welfare Fund v. Miramar Hotel Corp., 920 F.2d 1491 (9th Cir.1990) (holding that a court can compel audit when the trust agreement terms allow for it).

Here, the Master Labor Agreement permits legal action regarding disputes over contributions to trust funds. Master Labor Agreement at 25. Additionally, the Master Labor Agreement requires defendant to submit to an audit at plaintiffs' request. Specifically, it provides:

> Each individual Employer, upon request of the Union, the Employer, or any Trust Fund specified in this Agreement, shall permit the Trust Fund Auditors to review any and all records relevant to the enforcement of the provisions of this Agreement and to enter upon the premises of such Employer during business hours at reasonable time or times to examine such books, records, papers or reports of such Employer as may be necessary to determine whether or not the Employer is making full payment of all sums required by this Agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-03835 CAS(ASx) | Date | September 11, 2017 |
| Title | CARPENTERS SOUTHWEST ADMINISTRATIVE CORP. ET AL. v. COMSTOCK CONCRETE, LLC ET AL. | | |

Master Labor Agreement at 19. The type of documents that plaintiffs seek to audit include all job cost records, general check register and check stubs, bank statements and canceled checks, general ledgers, worker compensation insurance reports, financial statements, cash disbursements ledgers, corporate income tax returns, employee time cards, payroll journals, individual earnings records of all employees, W-2 forms, 1099 and 1096 remitted to the U.S. Government, quarterly tax returns, health and welfare pension reports for all other trades, cash receipts' journal, copies of all contracts, and all material invoices. Compl. at 6. These requested documents are consistent with the aforementioned types of documents designated for auditing in the Master Labor Agreement, which include "any and all records relevant to the enforcement of the provisions of this Agreement." Master Labor Agreement at 19. Thus, pursuant to the Master Labor Agreement and ERISA section 502(a)(3), plaintiffs are entitled to an audit of defendant's financial records.

### 2.     Attorneys' Fees & Costs

Plaintiffs request $720.00 in attorneys' fees. Motion at 3. ERISA provides that a court, in its discretion, may allow a reasonable award of attorneys' fees and costs of action in any action under the subchapter, excluding an action brought to recover delinquent contributions. 29 U.S.C. § 1132(g)(1). Here, plaintiffs do not allege that defendant is delinquent—they only request an audit to determine whether defendant is making its contributions. Plaintiffs request that the Court grant attorneys' fees based on four hours of work at counsel's hourly rate of $180.00. See Siegner Decl. ¶ 7, dkt. 11-5. Siegner declares that four hours includes the pursuit of the audit in addition to anticipated time for the court appearance. The Court concludes that the $750 fees requested are adequately supported by documentation. Therefore, the Court **GRANTS** plaintiffs' request for $720.00 in attorneys' fees.

## V.    CONCLUSION

In light of the foregoing, the Court **GRANTS** plaintiffs' motion for default judgment.

**IT IS HEREBY ORDERED** that judgment be entered in favor of plaintiffs and defendant Comstock Concrete, LLC shall be liable to plaintiffs in the amount of $720.00 for attorneys' fees and costs pursuant to the Bill of Costs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-03835 CAS(ASx) | Date | September 11, 2017 |
| Title | CARPENTERS SOUTHWEST ADMINISTRATIVE CORP. ET AL. v. COMSTOCK CONCRETE, LLC ET AL. | | |

**IT IS FURTHER ORDERED** that defendant Comstock Concrete, LLC is compelled to submit to an audit of their business records for the period of July 1, 2011 to the present.

IT IS SO ORDERED.

|  |  | 00 | : | 01 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |